

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-14-00809-CR

**EX PARTE** Jorge **GARCIA**

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2000CR5603W
Honorable Andrew Wyatt Carruthers, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:         Sandee Bryan Marion, Chief Justice
                 Patricia O. Alvarez, Justice
                 Luz Elena D. Chapa, Justice

Delivered and Filed:  July 1, 2015

AFFIRMED

In 2000, Appellant Jorge Garcia waived indictment and consented in writing to be charged by information with possession of a controlled substance (cocaine) in an amount less than one gram. He pled nolo contendere to the offense. The trial court deferred adjudication of guilt, placed Garcia on community supervision for two years, and ordered him to pay costs and a fine. Garcia was deported on February 16, 2001.

In 2014, Garcia applied for a writ of habeas corpus to withdraw his no-contest plea. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 (West 2015). He argued his plea counsel rendered ineffective assistance because counsel allegedly failed to advise Garcia that he would be deported as a result of the plea. After an evidentiary hearing, the habeas court denied Garcia's application, and Garcia appeals.

## COURT-APPOINTED APPELLATE COUNSEL'S *ANDERS* BRIEF

Garcia's court-appointed appellate attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967); counsel also filed a motion to withdraw. Appellate counsel's brief recites the relevant facts with citations to the record and analyzes the record for any reversible error—especially with respect to the claim of ineffective assistance of counsel regarding immigration consequences. Counsel's brief accompanies the analysis with relevant legal authorities including *Padilla v. Kentucky*, 559 U.S. 356 (2010). Counsel concludes the appeal is frivolous and without merit. *See Nichols v. State*, 954 S.W.2d 83, 85 (Tex. App.—San Antonio 1997, no pet.).

We conclude counsel's brief meets the *Anders* requirements. *See Anders*, 386 U.S. at 744; *see also High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978); *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Counsel provided Garcia with a copy of the brief, counsel's motion to withdraw, and a form motion for a copy of the record lacking only Garcia's signature, and informed Garcia of his right to file a pro se brief. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *Nichols*, 954 S.W.2d at 85–86; *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Garcia did not file a pro se brief.

### CONCLUSION

Having reviewing the record and court-appointed appellate counsel's *Anders* brief, we agree with counsel that there are no arguable grounds for appeal and the appeal is wholly frivolous and without merit. We affirm the habeas court's order and grant appellate counsel's motion to withdraw. *See Nichols*, 954 S.W.2d at 85–86; *Bruns*, 924 S.W.2d at 177 n.1.

No substitute counsel will be appointed. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. Any petition for

discretionary review must be filed within thirty days from the date of either (1) this opinion or (2) the last timely motion for rehearing or motion for en banc reconsideration is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *Id.* R. 68.3(a). Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *Id.* R. 68.4.

Patricia O. Alvarez, Justice

DO NOT PUBLISH